UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS NORTHROP,

    Plaintiff,

v.

SUE SUMMERSETT, food services administrator; et al.,

    Defendants.

No. C 06-1268 MHP (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Thomas Northrop, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The complaint in this action concerns the absence of pork products on the San Quentin food service menu. Northrop alleges that San Quentin and the California Department of Corrections and Rehabilitation ("CDCR") have a policy of refusing to serve pork products "in an admitted concession to a small minority (perhaps 1,000) of Muslim prisoners' religiously based demand for pork-free food, which illegally and unconstitutionally forces plaintiff . . . unwillingly under the dogma of Muslim religious practice." Complaint, pp. 1-2. Northrop specifically disavows any claim that he is required by any religion to eat pork. Id. at 2. He claims that he has a "state-created right to eat pork" and that the

1 elimination of pork from the menu at some prisons, including San Quentin, violates his rights
2 under the Establishment Clause of the First Amendment, his rights under the California
3 Constitution, and his rights under the Religious Land Use and Institutionalized Persons Act,
4 42 U.S.C. § 2000cc ("RLUIPA"). He also asserts that his right to equal protection of the
5 laws has been violated in that prisoners at some prisons do get pork products in their diet
6 while he does not.

7 Northrop has unsuccessfully asserted the same claims in state court. He filed a
8 petition for writ of habeas corpus in the Marin County Superior Court, alleging that the
9 porkless diet violated, among other things, his federal constitutional right to equal
10 protection, his First Amendment rights, and his rights under RLUIPA. Complaint, Exh. K.
11 He sought declaratory and injunctive relief. See Exh. K, attachment, p. 10. After briefing
12 by the parties was received, the Marin County Superior Court dismissed the petition in a
13 reasoned decision. Complaint, Exh. O. Northrup apparently filed a petition for writ of
14 habeas corpus in the California Court of Appeal, as that court summarily denied his petition
15 on September 8, 2003. Complaint, Exh. P. He then filed a petition for writ of habeas corpus
16 in the California Supreme Court, again alleging that the porkless diet violated, among other
17 things, his federal constitutional right to equal protection, his First Amendment rights, and
18 his rights under RLUIPA. Complaint, Exh. Q. The California Supreme Court summarily
19 denied the petition. Complaint, Exh. R.

## DISCUSSION

21 A federal court must engage in a preliminary screening of any case in which a
22 prisoner seeks redress from a governmental entity or officer or employee of a governmental
23 entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and
24 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
25 be granted, or seek monetary relief from a defendant who is immune from such relief. See
26 28 U.S.C. §1915A(b)(1),(2).

27 The related doctrines of res judicata and collateral estoppel limit litigants' ability to
28 relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion

2

doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980).

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  A civil rights claim brought under 42 U.S.C. § 1983 in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. See Allen, 449 U.S. at 97-98 (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own courts); Migra, 465 U.S. at 84 (extending rule of Allen to cover claim preclusion as well as issue preclusion).

A civil rights action under § 1983 thus may be dismissed as barred by res judicata, for example, if a prior California state court judgment rendered a valid judgment on the merits in favor of a defendant. See Takahashi v. Bd. of Trustees, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1976)).  State habeas proceedings also can have issue or claim preclusive effect on later § 1983 actions. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

The state court records attached to the complaint in this action show that the complaint filed in this action would repeat that which has already been litigated in the Marin County Superior Court.  The complaint raises the same claims as filed in the state habeas petition and is based on the violation of the same primary rights. See Takahashi, 783 F.2d at 851.  The state habeas petition named as respondents the same persons named as defendants here or their privies, i.e., the director of the CDCR, the warden, and the CDCR food service

3

1 manager (although the names of the director of the CDCR and the warden have changed to
2 reflect personnel changes). The claims raised in the state habeas petition were actually
3 litigated and necessarily decided. Northrup filed legal argument with his state habeas
4 petition, and at the state court's invitation, further argument was made by the state and
5 Northrup. See Exhs. K, L, M, N. The parties apparently didn't dispute the factual premise of
6 the suit -- i.e., that San Quentin had a pork-free menu -- but did dispute whether the pork-free
7 menu violated any of Northrup's rights. After considering the petition and the parties'
8 briefing, the Marin County Superior Court found "that the Petition does not state facts
9 entitling Petitioner to the relief sought." Exh. O, p. 1. First, the court explained that
10 Northrup was not asserting any health-related claim. Id. The court then determined that the
11 "facts presented do not describe a violation of any First Amendment right of Petitioner." Id.
12 at 2. Even though it was uncontroverted in that action that the pork-free menu was based at
13 least in part on the presence of thousands of Muslims in the prison system, there was no
14 claim that Northrup's religion required that he eat pork. The court determined that the pork-
15 free menu did not impose on any religious practice of Northrup. The court also determined
16 that there was a legitimate penological interest for serving a pork-free menu, i.e., "avoiding
17 the obvious diseconomy of serving alternate meals to thousands of prisoners simply in order
18 to accommodate the mere culinary urges of others would obviously weigh heavily as a
19 penological interest." Id. Although the court did not explicitly discuss Northrup's RLUIPA
20 claim or his equal protection claim, the dismissal of the petition was an implicit rejection of
21 those claims after the parties were allowed to present their arguments. See Takahashi, 783
22 F.2d at 852.

23 The claims raised here therefore were actually litigated and necessarily decided in the
24 state court habeas proceeding. The Marin County Superior Court's dismissal of the state
25 habeas petition was final and on the merits and thus is entitled to full preclusive effect.
26 Because Northrup is asserting the same claims that were actually decided in state court, he is
27 precluded from relitigating those claims and this action must be dismissed. See Silverton,
28 644 F.2d at 1347.

4

**CONCLUSION**

For the foregoing reasons, the complaint is barred by the doctrine of res judicata. The action is dismissed with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: August 29, 2006

_____
Marilyn Hall Patel
United States District Judge